UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ROSANO,

      MEMORANDUM AND ORDER

   Plaintiff,

--against--

      11-CV-5158
      (LDW)

MANHASSET BAY MARINA, LTD.,
MANHASSET BAY MARINA, FREEDOM
BOAT CORP., FREEDOM BOAT CLUB,
LLC. DAN FRANK d/b/a CAREFREE
BOAT CLUB and DAN FRANK,

   Defendants.
------------------------------------------------------------X

APPEARANCES:

   BENNETT, GIULIANO, MCDONNELL & PERRONE, LLP
   BY: JOSEPH J. PERRONE, ESQ.
      MATTHEW M. GORDEN, ESQ.
   494 Eighth Avenue, 7th Floor
   New York, New York 10001
   Attorneys for Plaintiff

   ALBANESE & ALBANESE LLP
   BY: BRUCE W. MIGATZ, ESQ.
   1050 Franklin Avenue
   Garden City, New York 11530
   Attorneys for Defendant Manhasset Bay Marina, Ltd.

   LEWIS BRISBOIS BISGAARD & SMITH LLP
   BY: DAVID M. POLLACK, ESQ.
      IAN M. FORSHNER, ESQ.
   77 Water Street, 21st Floor
   New York, New York 10005
   Attorneys for Defendants Freedom Boat Club, LLC

WEXLER, District Judge:

   This action arises out of a lien asserted in New York State Court against a vessel owned by

Plaintiff Anthony Rosano ("Plaintiff"). Specifically, Plaintiff commenced this declaratory

judgment action seeking, <u>inter alia</u>, a judgment vacating a lien asserted against his Rinker 26 foot pleasure craft (the "Vessel"). Presently before the court is the motion of one of the Defendants, Manhasset Bay Marina (the "Marina"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint.

## BACKGROUND

I. Facts

The facts set forth below are drawn from the complaint and documents annexed thereto of which all parties are aware.

On or about July 15, 2009, Plaintiff leased the Vessel to Defendant Freedom Boat Corp., d/b/a/ Carefree Boat Club (collectively and hereinafter "Freedom Boat") for a sixteen month term. Under the terms of the lease, Freedom Boat was to pay Plaintiff sixteen installments of $400. As lessee, Freedom Boat was responsible for routine cleaning of the Vessel and for maintaining it according to the manufacturer's scheduled directions. Freedom Boat was also responsible for summer dockage fees, as well as winter storage and winterization of the Vessel during the lease term.

On October 14, 2011, the Marina filed a "Notice of Lien and Sale," pursuant to Sections 184 and 201 of the New York State Lien Law, against the Vessel (the "Lien"). The Lien, addressed to Plaintiff and to Freedom Boat, states Marina's assertion of a lien on the Vessel in the amount of $12,676.53. Invoices annexed to the Lien indicate that the amount asserted is for seasonal storage charges as well as charges for various itemized repairs, service and tax.

II. The Amended Complaint

Plaintiff's amended complaint (the "Complaint") asserts seven causes of action. Four of those – the first, second, fifth and sixth causes of action – are asserted against the Marina, the moving party herein. The first cause of action alleges that the Lien should be vacated on the ground that the Marina performed no services at the request, or on behalf of Plaintiff. The second cause of action is for conversion, asserting that the Marina wrongfully took custody of the Vessel. The fifth cause of action alleges intentional interference with contract, asserting that by asserting the Lien, the Marina wrongfully interfered with Plaintiff's contractual relationship with the Vessel's senior lien holder, U.S. Bank.[1] Finally, Plaintiff's sixth cause of action seeks punitive damages.

III. The Motion to Dismiss

The Marina moves to dismiss all claims asserted against it. First, the Marina asserts that it is entitled to dismissal of the claim seeking to vacate the Lien on the ground that it has a valid maritime lien pursuant to 46 U.S.C. §31342(a)(2). Dismissal of the cause of action for conversion is sought on the ground that the Marina has asserted a lawful lien pursuant to New York Lien Law §184, which allows a lien holder to detain a boat in its lawful possession until the amount owed is paid. The causes of action alleging wrongful interference with contract and punitive damages are similarly alleged to be subject to dismissal on the ground that the Lien is valid. In the alternative, the Marina argues that if the court grants dismissal of the first cause of action – the sole claim involving federal law– the court should decline to exercise pendent jurisdiction over the remaining claims which all arise under New York State Law.

---

[1] U.S. Bank was initially named as a Defendant herein but was dismissed from this action pursuant to stipulation.

In response to the motion, Plaintiff alleges, as set forth in the Complaint, that the Lien is invalid because Plaintiff made no direct request to the Marina for the services allegedly rendered. Additionally, the motion papers opposing the motion take issue with the procedure followed by the Marina. Specifically, Plaintiff argues that when asserting a lien under maritime law, an entity such as the Marina is obligated to pursue enforcement of its Lien in a federal court with admiralty jurisdiction instead of invoking the New York State Lien Law enforcement procedure. Thus, it appears to be argued that because the Lien was filed and sought to be enforced under New York State procedure, it is invalid under maritime law.

## DISCUSSION

I. Legal Principles

A. Standards on Motions to Dismiss

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true, and draw all reasonable inferences in favor of plaintiffs. Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," id. at 45-46. The Supreme Court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although heightened factual pleading is not the new standard, Twombley holds that a "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1959. Further, a pleading that

4

does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery." Iqbal, 129 S. Ct. at 1950.

B.   Federal Maritime Liens and Liens Under New York State Law

The parties have raised issues regarding the scope and propriety of liens invoked under federal and state law. It is useful therefore to discuss in some greater detail, such liens. Admiralty law provides for establishment of a maritime lien pursuant to 46 U.S.C. §31342 (a) ("Section 31342"). The statute provides that such liens are established on behalf of a person "providing necessaries to a to a vessel on the order of the owner or a person authorized by the owner . . . ." 46 U.S.C. § 31342(a). The term "necessaries," has been broadly defined to include "repairs, supplies, towage and the use of a dry dock or marine railway [and] to include any goods and services 'reasonably needed' in a ship's business for a vessel's continued operation." Barwil ASCA v. M/V SAVA, 44 F. Supp.2d 484, 487 (E.D.N.Y. 1999). In addition to the requirement that a maritime lien represent amounts due for services falling within the broad category of "necessaries," such a lien is established only if such necessaries were provided "on the order of the owner *or a person authorized by the owner*." 46 U.S.C. §31342(a) (emphasis added).

The Lien Law of the State of New York provides for the establishment of a possessory lien in favor of bailees of, inter alia, "motor boats." Specifically, Section 184 of the Lien Law ("Section 184") states that a person who stores, maintains, keeps or repairs motor boats, or furnishes supplies for such boat, at the request or with the consent of the owner, has a lien upon the boat in the amount due. State law entitles that person to "detain" the boat until the amount due is paid. N.Y. Lien L. §184(1). Section 201 of New York's Lien Law sets forth the notice requirements for enforcement of liens asserted under laws such as Section 184. See N.Y. Lien L. §201 ("Section 201"). Specifically, Section 201 provides that prior to the sale of the property, the

lien holder must serve notice of sale on the owner "with due diligence," and must provide the owner of the property sought to be sold with, <u>inter alia</u>, an itemized statement of the amount claimed. N.Y. Lien L. §201(1)-(4). Section 201 refers to the property owner's right to commence a proceeding, within ten days of service of the Section 201 notice, under Section 201-a of the Lien Law ("Section 201-a"). That section provides for the commencement of a special proceeding to determine the validity of a lien.

II. <u>Disposition of the Motion</u>

In this case, the Marina asserts that both Freedom Boat and Plaintiff are responsible for payment of the amount due for storage, maintenance and repair of the Vessel. When neither party paid, Marina chose to invoke its rights under Sections 184 and 201 of the New York Lien Law. Pursuant thereto, the Marina served both parties alleged to be responsible with a New York State form of "Notice of Lien and Sale." That form appears to comply with the notice requirements set forth in Section 201of the New York Lien Law.

Upon service of notice of the Lien, Plaintiff chose not to follow the state procedure set forth in Section 201-a. Instead, asserting admiralty jurisdiction, Plaintiff commenced this action, seeking to have this court declare invalid the State Law lien asserted pursuant to Section 184. The Complaint's sole argument of invalidity is that the Marina can assert a claim for amounts due only against Freedom Boat, and not against Plaintiff as owner of the Vessel. Thus, Plaintiff's complaint states that all services performed by the Marina were "done solely at the request of and on the credit-worthiness of" Freedom Boat and/or its principal, Dan Frank. Plaintiff states further that he "denies ratifying or otherwise accepting any responsibility for requesting, authorizing, permitting and/or allowing repairs" to the Vessel.

To the extent that Plaintiff's position is based, as a matter of law, on the argument that the

6

Lien is invalid because Plaintiff did not personally request the Marina's services, it is rejected. First, the type of services set forth in the invoices attached to the notice of lien certainly fall within the broad definition of "necessaries" under maritime law, as well as those recited in the New York State Lien Law. Additionally, both maritime and New York law provide that a valid lien is asserted where services are performed with the consent or authorization of the owner. See N.Y. Lien L. §201; 46 U.S.C. § 31342(a). Thus, while the court declines to make a final determination as to the validity of the Lien at this stage of the proceedings, the nature of the services performed, and identity of the entity requesting those services, support the Lien's validity.

The court notes that the parties' motion papers raise, but do not adequately brief, a jurisdictional issue. Specifically, Plaintiff appears to argue – in his motion papers but not in the Complaint – that the Lien is invalid because it could be asserted only as a maritime lien under admiralty law, and that therefore New York law cannot apply. In response, Defendant refers to 49 U.S.C. §31307, a federal statute stating that maritime law "supersedes any State statute conferring a lien on a vessel to the extent the statute establishes a claim to be enforced by a civil action in rem against the vessel for necessaries." 49 U.S.C. §31307 ("Section 31307"). With the exception of the Marina's conclusion that the preemption set forth in Section 31307 simply "does not apply," the parties' motion papers do not brief this important issue.

Because the court finds that the issue of preemption is one that should be more fully briefed and explored, the court directs counsel to submit additional papers as follows. Within two weeks of the date of this order, Plaintiff shall submit a memorandum of law setting forth clearly Plaintiff's position with respect to whether the Lien is invalid because it is preempted by maritime law. Plaintiff shall state to the court whether, and why the Lien is invalid as a matter of law because of the Marina's use of New York State, as opposed to admiralty procedure. In connection therewith,

Plaintiff shall explain to this court the reason for filing a federal lawsuit in lieu of following the New York State procedure for determining the validity of the Lien and whether this court has jurisdiction to vacate a lien asserted only under New York State law. The Marina shall respond to Plaintiff's memorandum of law two weeks after receipt of Plaintiff's papers. The Marina shall respond to Plaintiff's arguments and state clearly its position on preemption. Plaintiff shall have one week from receipt of the Marina's papers in which to reply. Plaintiff shall be responsible for the collection of courtesy copies of the parties' memoranda, which shall be submitted to this court upon completion of the briefing schedule as set forth herein.

## CONCLUSION

For the foregoing reasons, the court denies the motion to dismiss. The Clerk of the Court is directed to terminate the motion appearing at docket entry number 27. The parties shall submit additional memoranda of law as set forth above.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      June 19, 2012